KING, ADMINISTRATOR, *v.* ALLEN.

## Opinion delivered December 22, 1917.

1. APPEAL AND ERROR—DIRECTED VERDICT—ACTION TO RECOVER CERTAIN FUND—DENIAL OF POSSESSION OF OR OF INTEREST THEREIN.— In an action by an administrator against A. and B. to recover a certain fund of the estate alleged to be in their hands, where B. answered stating that he did not have possession of the fund, and that he claimed no interest therein, it is proper for the trial court to direct a verdict in B.'s favor.

2. GIFTS—INTER VIVOS—ELEMENTS.—To constitute a valid gift *inter vivos,* the donor must have been of sound mind, must have actually delivered the property to the donee, and must have intended to pass title immediately, and the donee must have accepted the gift.

Appeal from Lafayette Circuit Court; *Geo. R. Haynie,* Judge; affirmed.

*D. L. King,* for appellant.

1. It was error to direct a verdict for Pleas Allen, the gift was testamentary in its character, and not a gift *inter vivos.* The verdict is not supported by the evidence. 110 Ark. 117.

2. The court erred in giving instruction No. 3. It is not the law, and repugnant to the other instructions. The word "otherwise" covers everything on earth save only a *gift.*

HART, J. D. L. King, as administrator of the estate of J. C. Gore, deceased, and Alice Gore, widow of said J. C. Gore, instituted this action in the circuit court against Lucinda Allen and Pleas Allen to recover the possession of the sum of $945 alleged to belong to the estate of J. C. Gore, deceased, and to Alice Gore. The facts are as follows:

J. C. Gore and Alice Gore were husband and wife. They separated. J. C. Gore came to live with his cousin, Lucinda Allen, in Lafayette County, Arkansas, in November, 1912, and continued to live there until his death, which occurred in January, 1914. Alice Gore during this time resided in the State of Texas. Pleas Allen was

the husband of Lucinda Allen.   J. C. Gore paid his board
and at the time of his death only owed his cousin $1.50.

Lucinda Allen testified that J. C. Gore was her first
cousin, and that they had been raised together; that he
had no children and after his separation from his wife he
came to live at her house; that during his last illness and
about one week before he died he called her to his bedside
and gave her $945; that she accepted the money and has
held it as her own ever since that time; that he handed
the money to her after he had been sick three or four
days.

Pleas Allen testified that he did not have the money in
his possession and had never claimed any interest in it
and did not at the time of the trial claim any interest
therein.   It appears from the record that the plaintiffs in
this suit first brought an action in the probate court and
that the testimony of Pleas Allen and Lucinda Allen was
reduced to writing in that suit.   The probate court dis-
missed the case for want of jurisdiction, and this suit was
subsequently brought in the circuit court.   The testimony
of Lucinda Allen, reduced to writing in that case, was in-
troduced in evidence in the present case.   In it she stated
that J. C. Gore had lived at her house over one year be-
fore he died; that Gore and his wife had separated in
1911, and that his wife lived in the State of Texas; that
Gore had stated to her that he did not want his wife to
have any of his money; that he first wanted to give the
money to her, and said that he wanted her and her hus-
band to have it; that later he said that he wanted her
uncle and her mother to have a part of it; that she had not
turned over any of the money to her mother and uncle;
that she first objected to taking the money but subse-
quently he handed the money to her, and that she asked
him what he wanted her to do with it and he replied, "Do
what I told you to do with it at first;" that she kept the
money and claimed it as her own.

The jury returned a verdict for the defendants and
from the judgment rendered the plaintiffs have appealed.

The court directed the jury to return a verdict in favor of Pleas Allen but submitted to the jury the question of whether or not the plaintiffs were entitled to recover against Lucinda Allen.

(1)    It is first insisted that the action of the court in directing a verdict in favor of Pleas Allen was erroneous. Counsel for Pleas Allen filed a separate answer for him, in which he denied that he had ever had possession of any of the money in question and disclaimed any interest therein.    He testified in positive terms that he did not have the money in his possession and did not claim any interest therein.    His wife without objection stated that she alone had received the money and that she still had it in her possession and claimed it as her own.    Under this state of the record, the court was correct in directing a verdict in favor of Pleas Allen.

(2)    It is also contended by counsel for the plaintiffs that the gift must, under the circumstances, be treated as testamentary in its character.    We do not agree with counsel in this contention.    The transaction here shown by the evidence, if believed by the jury, constitutes a gift *inter vivos*.

In the case of *Lowe* v. *Hart*, 93 Ark. 548, the court held that to constitute a valid gift *inter vivos*, the donor must have been of sound mind, must have actually delivered the property to the donee, and must have intended to pass title immediately, and the donee must have accepted the gift.    The court submitted the case to the jury under the principles of law just announced under instructions asked both by the plaintiffs and by the defendants.

Mrs. Allen testified before the jury that her cousin called her to his bedside after he had been sick three or four days and handed the money in question to her; that she accepted it and from that time on held it as her own; that Gore died in about one week after he gave her the money.    We quote from her testimony in the record as follows:

"Q.    Now, as I understand you, Mr. Gore in his lifetime gave you $945?

A.   Yes, sir.
Q.   Did you accept that money, Mrs. Allen?
A.   Yes, sir.
Q.   And have held it as your own?
A.   Yes, sir.''

From this testimony the jury was warranted in returning the verdict for Mrs. Allen.

Finally it is insisted that the court erred in giving the jury instruction No. 3, which is as follows: ''As to whether or not the money in question was the property of Mrs. Lucinda Allen, Mrs. Mattie Watkins and William Green, by gift 'or otherwise,' from Mr. Gore, is a question of fact for you to determine from all the facts and circumstances in evidence before you in the case.''

The objection made by counsel to this instruction is the addition of the words 'or otherwise' to the word ''gift.'' We do not think the jury could have been misled by this instruction. All the other instructions given to the jury both at the request of the plaintiffs and the defendants predicated the right of Mrs. Allen to hold the money on the question of whether or not the transaction constituted a gift *inter vivos*. All the proof was directed to that issue. If counsel thought that the words 'or otherwise' were calculated to mislead the jury, a specific objection should have been made at the time to them and doubtless the court would have changed the verbiage of the instruction. Not having made a specific objection to the instruction, plaintiff is not now in an attitude to complain.

It follows that the judgment must be affirmed.